## State of Vermont v. William Toomey

[ 223 A.2d 473 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 13, 1966

124

_Patrick J. Leahy,_ State's Attorney, for the state.

_Corsones & Hansen_ for respondent.

**Smith, J.**   The defendant Toomey, is now incarcerated in the state prison at Windsor, before trial, upon failure to procure bail set by the Chittenden County Court in the amount of $22,500.00. The question presented here is whether the lower court refused to exercise its discretion, or exercised it on untenable reasons in setting bail for the defendant.

The defendant, charged in an information filed by the State's Attorney of Chittenden County with conspiracy to commit robbery, kidnapping and with two counts of burglary was arraigned before the Chitttenden County Court on September 16, 1965. He entered a plea of not guilty to all charges against him. The State's Attorney of Chittenden County recommended that bail be set in the amount of $22,500.00, and bail was set in the recommended amount by the Chittenden County Court. Upon the arguments of the defendant's assigned counsel that such bail was excessive, permission was granted by the lower court to appeal to this Court before trial, pursuant to the provisions of 12 V.S.A. §2386.

█   A prisoner charged with any offense, unless in execution, or for a capital offense when the proof is evident or presumption great, is bailable as a matter of law. _In re Dexter,_ 93 Vt. 304, 314, 107 Atl. 134. This is a right provided by both the Constitution of the United States (U.S. Const. Eighth Amendment) and the Constitution of the State. (Ch. 11, Sec. 32)

█   Even where the offense charged is a capital one, and the proof of guilt is evident or presumption great, the prisoner may be admitted to bail in the discretion of the court having jurisdiction of the question; but in this connection it should be stated that the discre-

tion to be exercised by a court of justice is not an arbitrary, but a sound, judicial discretion, controlled by certain and well defined and established rules. *In re Dexter, supra,* p. 315. Factors to be taken into consideration in determining the amount of bail are: (1) ability of the accused to give bail, (2) nature of the offense, (3) penalty for the offense charged, (4) character and reputation of the accused, (5) health of the accused, (6) character and strength of the evidence, (7) probability of the accused appearing at trial, (8) forfeiture of other bonds, and (9) whether the accused was a fugitive from justice when arrested. 8 Am. Jur. 2d Bail and Recognizance §71, p. 824.

In our consideration of a question of whether a trial court abused its discretion we are bound to indulge every presumption in favor of the ruling below, unless it appears that it withheld or abused its discretion. The recognized test in this state of abuse of discretion is whether the discretion of the trial court was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable. *John* v. *Fernandez,* 124 Vt. 346, 348-349, 205 A.2d 552; *Grow* v. *Wolcott,* 123 Vt. 490, 194 A.2d 403; *Stone* v. *Briggs,* 112 Vt. 410, 26 A.2d 828.

With these principles in mind we turn to the record of the proceedings in the Chittenden County Court. The State's Attorney of Chittenden County requested the court to set bail in the amount of $22,500.00, which amount was protested by the attorney for the respondent as being grossly excessive and in violation of the defendant's constitutional rights. The presiding judge then made the following statement.

"I obviously agree with you that the purpose of the bail is to secure the attendance of the respondent. It places, however, upon the court a discretion in establishing that bail at such point that the attendance of the respondent will be secured. Unfortunately, this was a matter where a local person was involved. Here we have two problems. First, the respondent is not a local person, and secondly, for the same offenses, precedent, unfortunately has been set, or otherwise in prior cases yesterday afternoon, and on that basis, we will reiterate that which I said yesterday. Bail will be set in this matter in the amount of $22,500.00."

The trial court was correct in stating that one ground to be considered in setting bail is to secure the presence of the respondent

at the time of trial. But the bare facts that the victim of the alleged offenses was a "local person," while the respondent was not, were not tenable reasons upon which to exercise discretion in setting bail. "Both equal protection and due process emphasize the central aim of our entire judicial system—all people charged with crime must, so far as the law is concerned, stand on an equality before the bar of justice in every American court." *Griffin* v. *Illinois,* 351 U.S. 12.

The fact that a respondent was a non-resident might well be a factor to be considered in setting sufficient bail to ensure his appearance in a court distant from his residence, under certain circumstances. But the local residence of the victim of the alleged crime was not a fact to be considered by the trial court in setting bail for the respondent, and its inclusion as a reason for the determination of the bail amount was clearly untenable and unreasonable, and in violation of the constitutional rights of the respondent.

The record also demonstrates that the trial court, in setting bail for this respondent, based its determination of amount, on its own precedent in setting bail on the other respondents charged with the same offenses. In criminal proceedings against more than one defendant the standards for fixing bail are to be applied to each defendant individually. *Stack* v. *Boyle,* 342 U.S. 1, 96 L.Ed. 3, 72 S. Ct. 1.

This reason advanced by the trial court as a ground for the exercise of its discretion in setting bail was untenable and in violation of the constitutional rights of the respondent.

The respondent asks us to determine that the amount of bail set by the trial court was unreasonable and excessive according to the circumstances of this case. The record demonstrates that the court below did not take into consideration the necessary factors in determining the amount of bail, and therefore such determinations are not before us for review and we are unable to determine the reasonableness of the bail.

*The order of this Court is that the present order for bail is stricken, and the respondent is to be returned to appear before Chittenden County Court for the setting of bail in accordance with the views expressed in this opinion.*