# In re Delinquency Proceedings Concerning a Certain Juvenile

[274 A.2d 506]

No. 53-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 22, 1970

*James M. Jeffords,* Attorney General, and *George P. Stokes,* Assistant Attorney General, for the State.

*Paul B. Wolfe,* Newport, for Defendant.

**Shangraw, J.** On February 13, 1970, a petition was brought by the State's Attorney of Orleans County, Vermont, representing that the juvenile, who is the subject of these proceedings, is a delinquent child. The claim of delinquency is that on September 26 and 27, 1969, he operated a pickup truck on State Route 105 in Charleston, Vermont, without the consent of the owner of this motor vehicle.

The petition was heard on February 26, 1970, by the District Court, Unit No. 4, Orleans Circuit, sitting as a Juvenile Court. The written findings which were filed explicitly state, "(t)he Court finds beyond a reasonable doubt the facts set forth in paragraph 1 through 12 below. . . . " These paragraphs set forth in detail the circumstances leading up to the taking and operation of the motor vehicle in question by the juvenile, age 15 years. The facts thus found are not in dispute.

The court concluded its findings with its determination and order dated March 5, 1970, that the juvenile

". . . is a delinquent child within the meaning of the Vermont Juvenile Procedure Act, in that on September 27, 1969, he committed an act which if committed by an adult would be a crime under the laws of the State of Vermont, namely, that he operated a motor vehicle on a public highway, namely State Route 105 in Charleston, and the Dane Mill Road, without the consent of the owner of the vehicle."

A disposition hearing was held March 26, 1970. Pursuant to the provisions of 33 V.S.A. § 657, an Order of Disposition was issued by the court on the same date transferring legal custody of the juvenile to the Commissioner of Corrections with a report due in 90 days. It was further

"ORDERED, that this Order of Disposition will expire, and the child discharged from any and all detention and custody ordered in the proceedings, on the date two years from the date hereof, (or from the date of removal) unless this Order of Disposition has theretofore been renewed by this Court."

Prior to hearing of the petition alleging that the juvenile subject is a delinquent child, there was filed on his behalf a motion to dismiss the petition setting forth therein several grounds in support of the motion. An answer thereto was filed by the State. The motion was denied.

On April 3, 1970, notice of appeal was filed by him pursuant to the provisions of 12 V.S.A. § 2382, from the order of the court denying the motion to dismiss and from questions of law decided adversely to him.

The definitive issues briefed and presented by appellant for our consideration are limited to two questions previously raised in the prehearing motion to dismiss. It is claimed that the trial court erred in upholding the constitutionality of the Juvenile Procedure Act against the objections:

"1. That it permits a finding of delinquency upon evidence less than that required to establish an adult respondent's guilt beyond a reasonable doubt; and

2. That it permits imposition of sentence for a period in excess of the maximum allowable upon conviction of an adult for the same offense."

It is appellant's first point that 33 V.S.A. § 654 is inherently defective since it does not clearly call for proof beyond a reasonable doubt. This section provides:

"After hearing the evidence on the petition, the court shall make an order containing its findings thereon. If the court finds that the allegations made in the petition have not been established, it shall dismiss the petition and order the child discharged from any detention or shelter care theretofore ordered in the proceedings. If the court finds that the allegations made in the petition have been established, it shall find either that the child is delinquent, or neglected, or unmanageable."

*In The Matter Of Samuel Winship*, 396 U.S. 885, 25 L.Ed.2d 368, 90 S.Ct. 179 (1970), the Court held that juveniles, like adults, were constitutionally entitled to proof beyond a reasonable doubt during the adjudicatory stage when the juvenile was charged with an act which would constitute a crime if committed by an adult. Acknowledging that the proof might not establish guilt beyond a reasonable doubt, the family court judge in the *Winship* case apparently relied on the provision of the New York statute which permitted proof by preponderance of the evidence. *In re Winship, supra,* 25 L.Ed.2d at 373.

In the case now considered, no question is presented but that the judge below legally imposed the standard of proof now required by the *Winship* case and he indicated this in his findings. Even though the judge required proof beyond reasonable doubt, it is contended by the appellant that the statute, 33 V.S.A. § 654, *supra,* permits proof of delinquency by a lower quantum of evidence,—that is the preponderance standard. In this light, appellant claims that the statute is constitutionally deficient and that this deficiency is not overcome by the court's adoption of the higher standard of proof.

■■ A legislative enactment is entitled to the presumption of constitutionality. It will be given a reasonable construction, consistent with constitutional requirements, unless such an interpretation is plainly foreclosed by the language itself. *Vermont Woolen Corporation* v. *Wackerman,* 122 Vt. 219, 223, 167 A.2d 533 (1961) ; *Reed* v. *Allen,* 121 Vt. 202, 206, 207, 153 A.2d 74 (1959).

■■ 33 V.S.A. § 654 provides that "(i)f the court finds that the allegations made in the petition have been established, it shall find that the child is delinquent, or neglected, or unmanageable." The key word in the statute is "established." Where criminal conduct is involved it means proof beyond a reasonable doubt, consistent with constitutional requirements. And as we have previously held, juvenile proceedings must measure up to the essentials of substantive due process. *In re Rich,* 125 Vt. 373, 377, 216 A.2d 266 (1966). We are persuaded that the Legislature had this in mind when it revised the Juvenile Court Act of 1967.

■■ The burden of establishing the unconstitutionality of a statute rests upon the person who challenges its validity. *State* v. *Auclair,* 110 Vt. 147, 156, 2 A.2d 107 (1939). To give the statute the meaning claimed by the appellant would be to render it unconstitutional, and this result we must avoid if it is fairly and reasonably possible to do so. *Trybulski* v. *Bellows Falls Hydro-Electric Corporation,* 112 Vt. 1, 10, 20 A.2d 117 (1941).

Since 33 V.S.A. § 654, *supra,* in its present form does not offend the fundamental requirements of due process, we can supply by implication the inherent requirement that "established" means "beyond a reasonable doubt" where, as here, the juvenile is charged with an act which would constitute a crime if committed by an adult.

Here, the juvenile court adopted the higher standard of proof beyond a reasonable doubt. In so doing the constitutional rights of the appellant were properly safeguarded.

We now consider appellant's claim that our Juvenile Procedure Act is unconstitutional in that it permits imposition of a sentence for a period in excess of the maximum allowable upon conviction of an adult for the same offense. In the case of *In Re Gault,* 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428 (1967), and that of *In re Winship, supra,* opinion was withheld concerning the post-adjudicative or dispositional process in juvenile proceedings. Nevertheless, these cases hold that the constitutional guarantee of due process and fair treatment applies to proceedings in which juveniles are charged as delinquents. In this light, appellant contends that, in view of this development, no rational classification any longer exists upon which to predicate a different and, in this case, more severe punishment than could have been imposed had he been an adult. The operation by an adult of a motor vehicle without the owner's consent is made a crime under 23 V.S.A. § 1091 and carries with it a maximum fine of not more than $500.00 nor more than one year imprisonment, or both.

■ It must be recognized that the disposition of delinquency cases may have some disciplinary effect. In any event, the constitutional demands of due process cannot be abrogated by the mere labeling of such proceedings as civil, rather than criminal. *In re Winship, supra,* 25 L.Ed.2d at 377.

Justice Harlan's concurring opinion in the *Winship* case points out that it is of great importance that procedural strictures do not frustrate "the essential element of the State's purpose" in creating the juvenile court system.

Punishment has not been the primary purpose of the legislature in undertaking to deal with juvenile offenders. *In re Winship, supra,* (dissenting opinion, Burger, C.J.); see also Mack, *The Juvenile Court,* 23 Harv. L. Rev. 104 (1909); Holden, *The Juvenile and the Judicial Function,* 31 Alb. L. Rev. 197, 198, 206 (1967).

The State, as *parens patriae,* is authorized to legislate for the protection, care, custody and maintenance of children within its jurisdiction. It is a protective proceeding chiefly concerned with the welfare of the child. *In re Rich, supra,* 125 Vt. at 377.

Following a hearing on the disposition of a delinquent child, 33 V.S.A. § 658 provides that such custodial order shall be indeterminate and will not remain in force and effect beyond two years unless renewed. Under this section an agency of the State to whom legal custody of a child has been transferred must file an annual report in writing, setting forth all pertinent facts pertaining to the treatment and rehabilitation of the child.

Under 33 V.S.A. § 658, *supra,* the court may, if it believes the circumstances of the case warrant, order a hearing to be held for the purpose of considering the renewal of the order of disposition. Following such hearing, the court may renew the order as then in effect or may amend the same and then renew the order if it finds such renewal to be in the best interests of the child. Such renewal may be for an additional two years.

Under authority of 33 V.S.A. § 659, "An Order of the court may also be amended, modified, set aside or terminated by that court at any time upon petition therefor by a party or on its own motion on the ground that changed circumstances so require in the best interests of the child." Under this section any party to the proceedings and any person having supervision or legal custody of, or an interest in the child, may petition the court for relief provided in this section.

· · The foregoing provisions clearly demonstrate the legislature's continuing interests in the welfare of a child found to be delinquent.

· 33 V.S.A. § 662 of Chapter 12 provides that "(a)n order of the juvenile court in proceedings under this chapter shall not be deemed a conviction of crime or impose any civil disabilities ordinarily resulting from a conviction or to operate to disqualify the child in any civil service application, or appointment, . . . ."

Hearings before a juvenile court remain civil in nature and differ significantly from their criminal counterpart. A delinquent child is neither deemed nor treated as a criminal. He cannot be confined in an institution or other facility used primarily for the execution of sentences of persons convicted of a crime. 33 V.S.A. § 662(b).

. The very procedure governing treatment of such juveniles is the care, needs and protection of the minor and his rehabilitation and restoration to useful citizenship. A flexible approach to juvenile proceedings is the best manner in which to achieve these ends. See *In re Ellis*, 253 A.2d 789 (D.D.C. 1969).

We find no occasion for setting aside or reversing the Order of Disposition made below under the facts and circumstances in this case.

*Order affirmed.*