### State of Vermont v. Gary B. Pray

[298 A.2d 859]

No. 192-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed December 5, 1972

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for the State.

*Joseph M. O'Neill, Esq.,* Rutland, for Defendant.

**Barney, J.** The respondent was convicted, by a jury, of murder in the first degree. Appeal is mandatory. Four claims

of error are advanced. The first relates to the opinion of an expert witness, the next two relate to claimed errors in the charge on the issues of intoxication and motive, and the last concerns the denial of the motion to set aside the verdict.

The homicide arose out of domestic strife. The respondent's wife had returned to her parents' home and instituted divorce proceedings. On the day in question the respondent followed his father-in-law's pickup truck into the in-law's yard and had an argument. During the dispute he produced a rifle he had brought with him, shot and killed his father-in-law, shot his mother-in-law, and later called and surrendered to police.

At the trial, the sanity of the respondent was in issue. The first exception relates to the testimony of the forensic psychiatrist testifying on behalf of the prosecution. As part of his preparation the doctor, through interviews with the respondent and others, received information concerning the activities of the respondent during the day of the tragedy, including his consumption of alcoholic beverages. Aside from that, a number of witnesses testified to the drinking of the respondent on that day. This evidence had the respondent having a couple of beers at lunch time, four in the early afternoon, four or five more drinks later in the afternoon, and an uncertain further quantity of beer at a restaurant later. As a result, the doctor came to the conclusion that the respondent, "was presumably what I would call moderately drunk."

This statement was immediately objected to as not supported by the testimony. It is certainly true that no other witness described the accused as drunk, or under the influence, or as showing the effects of alcohol. However, the fact that a quantity of alcoholic beverages had been consumed by the respondent was not denied.

The witness on the stand was a trained psychiatrist whose expertise was being examined with respect to the mental state of the respondent. The various factors affecting the accused's mental state were of crucial interest, and the consequences of his consumption of alcohol was one of them. *State* v. *Oakes*, 129 Vt. 241, 257, 276 A.2d 18 (1971). His opinion as to the state of sobriety of the respondent was relevant, and, in view of the evidence in the case as to the amount of drinking that the respondent had done, he was not

restrained by the opinions of lay witnesses that the liquor had had no visible effect on the respondent.

■ As was true in the case of *State* v. *Pease*, 129 Vt. 70, 76, 271 A.2d 835 (1970), the question of the effect of the use of intoxicants on the mental processes of the respondent was for the jury, and the testimony of this expert was appropriate to that issue and a part of the area of his expertise. The issue is to be distinguished from the concern with physical manifestations, which are of importance in motor vehicle cases. *State* v. *Pease, supra*, 129 Vt. at 75. The testimony was properly received.

■ The evidence in the case as to the alcoholic consumption was available to the jury to determine, on the facts, the state of sobriety of the respondent. They were not bound to accept the opinions of the lay or the medical witnesses as to his condition as to intoxication or being affected by alcohol. It was for them, ultimately, to reach their own conclusions as to that circumstance. Since it was an issue in the case, the court cannot be faulted for charging with respect to it.

The respondent also complains about another aspect of the court's charge. The contention was that the court should have charged that the existence or lack of existence of a motive may be considered in determining whether premeditation or malice were present as ingredients of the homicide.

■■ In essence, the respondent would have the court charge that the absence of proof of a motive is evidence of a lack of malice or premeditation. The difficulty with this approach is that the lack of motive must be distinguished from lack of proof of motive. A "motiveless" crime, that is to say, a crime committed entirely without cause or reason, is suggestive of irrationality, and the "motivelessness" may be evidence supporting an insanity defense. But failure to prove, i.e. establish as a proven fact by the requisite measure of proof, a motive is not the same thing as establishing the crime as "motiveless." The prosecutor may be content to establish deliberation, malice, premeditation and rationality by other proof. If the evidence is sufficient, failure to prove motive will not thereby reduce the grade of the crime.

The facts of this case are not consistent with any claim of a "motiveless" crime. There was evidence in the case of bad feeling between the respondent and his in-laws with respect to his separation from his wife. This evidence certainly removes the crime from the random, unmotivated and inexplicable kind of killing that suggests delusion or aberration. Under the facts of this case, the court was not required to charge that the failure to prove motive was to be equated with an absence of motive, and thereby evidence mental attitude or condition.

The respondent, at the close of the case, moved to set aside the verdict. In this Court he contends that the jury failed to follow the trial court's instructions and recognize the burden of the prosecution to prove sanity beyond a reasonable doubt. In support of his position he cites testimony of the various doctors that, he says, is merely equivocal on the sanity issue and not sufficient to satisfy the burden of proof.

It is the law that where evidence challenging the mental competency of an accused enters into a case, the burden then falls on the State to prove his sanity as an issue in the prosecution. In this case there was conflicting evidence as to the respondent's mental condition. We are being asked to rule as a matter of law that there is no evaluation of the testimony before the jury reasonably available to them that could support a finding that the respondent was, beyond a reasonable doubt, sane. But with credible evidence of sanity in the case, which, if believed, would discharge the State's burden, we cannot so rule. *State* v. *Bishop,* 128 Vt. 221, 228–29, 260 A.2d 393 (1969). The weight to be given testimony, as well as the selection of testimony to be accepted, are functions belonging to the jury, and, unless entirely unreasonable, must stand. There was no error in this case in the trial court's refusal, as a matter of its discretion, to order a new trial. *State* v. *Morrill,* 127 Vt. 506, 508, 253 A.2d 142 (1969).

*Judgment affirmed.*