### State of Vermont v. Lyle W. Webb, Jr.

[320 A.2d 626]

No. 82-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed May 17, 1974

*John C. Deppman,* State's Attorney, for the State.

*William K. Sessions, III,* Public Defender, for the Defendant.

**Keyser, J.** The defendant, Lyle W. Webb, Jr., has been charged with breaking and entering in the nighttime, a vio-

lation of 13 V.S.A. § 1201, by an information signed by the State's Attorney on April 15, 1974, and filed with the District Court of Vermont, Unit No. 2, Addison Circuit. Cash bail was set by the District Court in the amount of $1,000.00 on the same day. Counsel for the defendant, the Public Defender of Addison County, filed a motion for the review of bail pursuant to 13 V.S.A. § 7554(d) with the District Court on April 17, 1974. On April 22, 1974, the presiding judge of the District Court issued an order stating:

> This court finds pursuant to Title 13 V.S.A. Sec. 7554 (a) that the defendant will constitute a danger to the public if released, and therefore, the conditions of release previously imposed, to wit, one thousand dollars cash bail is continued.

The defendant appeals the order of the District Court continuing the conditions of release to this Court pursuant to 13 V.S.A. § 7556(b). Upon the filing of the notice of appeal and reasonable notice to the State, the defendant requested an order for release pending appeal pursuant to V.R.A.P. 9(a). On May 3, 1974, Mr. Justice Larrow entered an order denying the relief requested by the defendant and set the cause for hearing on the merits before the full Court on May 9, 1974.

The defendant argues against the imposition of bail in any amount where the court determines solely that his release constitutes a danger to the public. He points to *Stack* v. *Boyle,* 342 U.S. 1, 5 (1951), where Chief Justice Vinson noted:

> [T]he practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as . . . assurance of the presence of the accused [at trial]. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment. [Citations omitted.]

The defendant maintains that the determination that his release will constitute a danger to the public as the sole basis of the $1,000.00 cash bail is a purpose other than to assure his presence at trial, and thus this amount or any amount of bail is excessive as prohibited by both the United States Constitution and chapter II, § 32, of the Vermont Constitution.

The defendant's argument is essentially a general constitutional attack on the statutory requirement that the court

determine whether the release of a defendant will constitute a danger to the public coupled with the imposition of bail in any amount pursuant to 13 V.S.A. § 7554(a)(4).

Chapter II, § 32, of the Vermont Constitution mandates:

> [A]ll prisoners, unless in execution, or committed for capital offenses, when proof is evident or presumption is great, shall be bailable by sufficient sureties; nor shall excessive bail be exacted for bailable offenses.

█ Chief Justice Shangraw announced the standard for examining an act of the Legislature to determine compliance with constitutional mandates in *In re Delinquency Proceedings,* 129 Vt. 185, 188–189, 274 A.2d 506 (1970):

> A legislative enactment is entitled to the presumption of constitutionality. It will be given a reasonable construction, consistent with constitutional requirements, unless such an interpretation is plainly foreclosed by the language itself. *Vermont Woolen Corporation* v. *Wackerman,* 122 Vt. 219, 223, 167 A.2d 533 (1961); *Reed* v. *Allen,* 121 Vt. 202, 206, 207, 153 A.2d 74 (1959).

The Chief Justice continued:

> The burden of establishing the unconstitutionality of a statute rests upon the person who challenges its validity. *State* v. *Auclair,* 110 Vt. 147, 156, 2 A.2d 107 (1939). To give the statute the meaning claimed by the appellant would be to render it unconstitutional, and this result we must avoid if it is fairly and reasonably possible to do so. *Trybulski* v. *Bellows Falls Hydro-Electric Corporation,* 112 Vt. 1, 10, 20 A.2d 117 (1941).

The Legislature has required the Judiciary to determine whether the release of a defendant pending trial will constitute a danger to the public. 13 V.S.A. § 7554(a). Although the Vermont Constitution announces a right to bail in all cases except specific, enunciated situations, the Legislature has wisely chosen to provide non-economic conditions of release, thus meeting many well-founded criticisms of a solely monetary bail system. See *e.g., The Problem of Bail,* 9 Colum. J.L. & Soc. Prob. 394, 406–14 (1973). These conditions that can be imposed upon the release of the defendant to negate danger

to the public include: placing him in custody of a designated person or organization agreeing to supervise him; placing restrictions on travel, association or his place of abode during the period of release; or imposing any other condition deemed necessary, including a condition requiring that the defendant return to custody after specified hours. 13 V.S.A. § 7554(a)(1), (2), and (5). See also American Bar Association Standards Relating to Pretrial Releases §§ 5.5–5.10 and Commentaries. A defendant may also be required to post a peace bond to assure that he will keep the peace. Compare 13 V.S.A. § 7573 with 13 V.S.A. § 7554(a)(3).

The legislative requirement that the question of whether the release of the defendant will constitute a danger to the public be considered by the Judiciary in setting conditions of release prior to trial poses no conflict with the holding in *Stack* v. *Boyle, supra.* There, the condemnable excessive bail was imposed because four persons previously convicted for the offense with which the defendants were charged had forfeited bail. There had been no determination that the release of the defendants would constitute a danger to the public to be condemned by the Supreme Court.

In fact, Mr. Justice Douglas, sitting as Circuit Justice for the Ninth Circuit in *Carbo* v. *United States,* 82 S.Ct. 662, 7 L.Ed.2d 769, 774 (1962), has stated: "If . . . the safety of the community would be jeopardized, it would be irresponsible judicial action to grant bail." Although there, application for bail was denied pending appeal, a specific exception to the right of bail enunciated in the Vermont Constitution, Mr. Justice Douglas found no fault with the revocation of bail by the District Court during trial where a principal witness for the government had received over 200 threatening telephone calls and had been severely beaten when entering his garage. *Id.* 7 L.Ed.2d at 771. In his denial of the application for bail pending appeal, Mr. Justice Douglas also noted that the witness had his house set fire to, and dye had been thrown into his swimming pool. *Id.* 7 L.Ed.2d at 776. Moreover, in a previous case in which the defendant was on trial for murder, a retrial was not to be had after a hung jury due to the disappearance of one witness and the death of another. *Id.* 7 L.Ed.2d at 777.

■ The imposition of physically restrictive conditions of release pending trial upon a defendant whose release has been determined to constitute a danger to the public weighs heavily against the presumption of innocence. It obviously interferes with the unhampered preparation of a defense and serves to inflict punishment prior to conviction. *Stack* v. *Boyle, supra,* 342 U.S. at 4. Therefore, such a decision is not one which calls for the mere exercise of discretion ordinarily exercised by a court imposing the conditions of release that will reasonably assure the appearance of the defendant for trial. See *State* v. *Toomey,* 126 Vt. 123, 124–25, 223 A.2d 473 (1966). It is a decision to be made in extraordinary circumstances, founded upon adequate findings of fact so that when such a decision is reviewed a determination can be made whether the facts found support the imposition of such conditions. See *In re J.M.,* 131 Vt. 604, 608, 313 A.2d 30 (1973). Such conditions should hinder the defendant as little as practicable in gathering evidence, contacting witnesses or otherwise assisting in the preparation of his defense. See *Barker* v. *Wingo,* 407 U.S. 514, 533 (1972).

■ In reviewing the order of the District Court continuing the conditions of release at $1,000.00 cash bail, there appears an inconsistency with 13 V.S.A. § 7554(a)(4) which "require[s] the execution of a bail bond with sufficient solvent sureties, or the deposit of cash bail in lieu thereof . . . ." Although this inconsistency was not pointed out by the defendant on appeal, V.R.Cr.P. 52(b) provides that— "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." See also *In re Colombe,* 131 Vt. 21, 298 A.2d 820 (1972). Such error alone requires remand of the cause in order that proper conditions of release be imposed in accordance with the statute. *State* v. *Woodmansee,* 131 Vt. 22, 23–24, 298 A.2d 814 (1972). The remand of the cause also provides the District Court with the opportunity to impose such conditions of release as it may deem proper in light of the views expressed in this opinion.

*Cause remanded so that conditions of release may be imposed in accordance with 13 V.S.A. § 7554. This entry and mandate shall issue forthwith.*