### State of Vermont v. Harold Gregory

[325 A.2d 359]

No. 178-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed September 11, 1974

*Neil S. Moss*, State's Attorney, for the State.

*Robert Edward West*, Defender General, *Gregory A. Mc-Kenzie*, Deputy Defender General, and *Davis S. Putter*, Public Defender, for Defendant.

**Smith, J.** The State's Attorney of Bennington County charged the defendant with a lewd and lascivious act upon the body of a child under the age of 16 in violation of 13 V.S.A. § 2602. The defendant pleaded not guilty to the charge so made before the District Court of Vermont, Unit No. 1, Bennington Circuit, and the judge of said court set bail at $5,000.00, to be in the form of $1,000.00 cash bail, and the remainder in surety satisfactory to the court.

The lower court sent the defendant to the State Hospital at Waterbury for a psychiatric appraisal. Upon the completion of such examination, and a return of the defendant to Bennington, the defendant through his counsel, the Public Defender of Bennington County, filed a motion for the review of bail pursuant to 13 V.S.A. § 7554(d). A hearing was held on the motion on August 14, 1974. Upon the conclusion of the hearing findings of fact were made by the lower court, and bail for the defendant was set at $5,000.00, the original amount. Defendant has come to this Court under appeal as authorized by 13 V.S.A. § 7556(b) and V.R.A.P. 9(a).

The findings of the lower court in refusing the motion of the defendant to be released from bail are brief.

1. That the defendant has no permanent roots in the community or any close relatives in the immediate area;

2. That no argument was presented denying that the defendant had transported the infant child from Gage Street to the home of the defendant and, subsequently, returned the child to Gage Street;

3. That the offense charged is serious in nature and that the release of the defendant would constitute a danger to the public.

The factual situation presented to the lower court was that the defendant was a man of 68, in poor physical health, who

lived alone in a trailer home, subsisting on a pension, social security payments, and by performing odd jobs. He had no previous criminal record, except for a minor traffic infraction in the State of New York, and had lived in Bennington for more than five years. He had no relatives living in the Bennington area.

The report of the psychiatrist who examined the defendant at the State Hospital was: "[I]f the evidence is true, he was legally insane at the time of the alleged offense, was legally sane when I saw him, and is now competent to stand trial."

> In determining which conditions of release will reasonably assure appearance and will not constitute a danger to the public, the judicial officer shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings. [13 V.S.A. § 7554 (b).]

In *State* v. *Webb,* 132 Vt. 418, 320 A.2d 626, 629 (1974), Mr. Justice Keyser, in a well-reasoned and landmark opinion, considered the question of the safety of the community in the matter of setting bail.

> The imposition of physically restrictive conditions of release pending trial upon a defendant whose release has been determined to constitute a danger to the public weighs heavily against the presumptions of innocence. It obviously interferes with the unhampered preparation of a defense and serves to inflict punishment prior to conviction. *Stack* v. *Boyle, supra,* 342 U.S. at 4, 72 S.Ct. 1. Therefore, such a decision is not one which calls for the mere exercise of discretion ordinarily exercised by a court imposing the conditions of release that will reasonably assure the appearance of the defendant for trial. See *State* v. *Toomey,* 126 Vt. 123, 124–125, 223 A.2d 473 (1966). It is a decision to be made in extraordinary circumstances, founded upon adequate findings of fact so

that when such a decision is reviewed a determination can be made whether the facts found support the imposition of such conditions. See *In re J.M.*, 131 Vt. 604, 608, 313 A.2d 30 (1973). Such conditions should hinder the defendant as little as practicable in gathering evidence, contacting witnesses, or otherwise assisting in the preparation of his defense. See *Barker* v. *Wingo*, 407 U.S. 514, 533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

■ We are not convinced that the circumstances of this case were so extraordinary and that the facts found justified the imposition of the $5,000.00 bail requirement.

■ While as the lower court found, the defendant had no near relatives living in the community of Bennington, the fact was that he had lived in that community for more than five years so that it can hardly be said that he had no roots in the community. His record was clear of any convictions, and it was not shown that he had ever failed to appear at any court proceedings. The findings of the doctor who examined the defendant at the State Hospital were that the defendant was honest and sane at the time of the examination, and that if he had committed the crime with which he was charged, he must have been insane at the time. While in the oral hearing before us there was little presented in the arguments to us to disclose the nature and circumstances of the offense committed, it did appear that much of the evidence to be presented against him would be the accounts given by a three year old child under the questioning of her parents.

We find that the findings of the lower court are inadequate to support a denial of the defendant's right to be released on his own recognizance, in the presence of non-monetary or supervisory conditions of release available for the protection of the public.

*Cause remanded for rehearing of the conditions of release to be imposed upon defendant Harold Gregory in accordance with the views expressed in the opinion. This entry and mandate shall issue forthwith.*