### State of Vermont v. Godfrey Roessell

[328 A.2d 118]

No. 208-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed November 7, 1974

*Michael J. Sheehan,* State's Attorney, for the State.

*Donald A. Graham,* Public Defender, for Defendant.

**Per Curiam.** The matter at issue relates to bail. This is an appeal under 13 V.S.A. § 7556(b) from conditions of release imposed below. It was originally heard before a single justice, who, having determined that the terms of 13 V.S.A. § 7556(b) and V.R.A.P. 27(c) did not authorize hearing such an appeal before a justice sitting alone, ordered the matter before the full Court for decision.

Due to the required expedited nature of hearings relating to bail, the record is frequently in disorder and abounding in shortages. However, if the statute 13 V.S.A. §§ 7551–7573 is to fulfill its purpose, and this Court is to carry out its appellate function, it is necessary that the hearing and the reviewing judges record the factual findings upon which their actions are founded. Since several reviews are possible, each succeeding judge will find his task simplified if his predecessor has found the facts and stated his conclusions of law.

Such findings as appear of record in this case are found in a letter from the judge below to counsel for the defendant explaining that, since there was no presentation of further evidence at the second hearing before him under 13 V.S.A. § 7554(d), he did not feel compelled to make written findings relating to conditions of release. It seems clear that, as the lower court acknowledged, the ingredients were present at the first hearing upon which findings could have been made. Such information is before us as part of the record, but is not in the form of written findings. It would have been better if such knowledge available at the first hearing had been reduced to writing in order to implement and facilitate later review either by a district judge or this Court.

■ An examination of the record now before the Court discloses some obvious difficulties. First, the lower court undertook to require cash bail. We have recently held and still hold that the option of "a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof", 13 V.S.A. § 7554(a) (4), is an option belonging to the defendant, and the court setting bail may not make that choice except as with regard to the sufficiency of the sureties. *State* v. *Webb,* 132 Vt. 418, 320 A.2d 626, 629 (1974) ; *State* v. *Woodmansee,* 131 Vt. 22, 23–24, 298 A.2d 814 (1972).

Moreover, another problem with the disposition below appears from the record. The original determination of the judge and his amended order both set money bail in the presence of a determination that the defendant's release would constitute a danger to the public. The pattern of the present bail legislation runs generally contrary to such an order of release. It proceeds in three stages: in the case of an ordinary defendant, personal recognizance is sufficient; where there is sufficient evidence to demonstrate a substantial risk that a defendant will not show up for trial, conditions, monetary or otherwise, to insure his return are indicated; and, thirdly, where there is a danger to the public, conditions for the protection of the public safety are appropriate.

■■ This is seldom resolved by measuring public safety in money. Since this is the most crucial and most restrictive aspect of the bail process, it cannot be lightly invoked, and the finding of danger to the public must have strong factual foundation. *State* v. *Webb, supra,* 320 A.2d at 629. One of the laudable purposes of the bail act is to avoid the deliberate use of an unattainable bail figure to accomplish a restraint for the protection of the community, since restraint is now possible under authorized conditions set out in 13 V.S.A. § 7554.

■ If the determination that the release of the defendant would constitute a danger to the public is supportable, it is highly probable that it is inconsistent with unsupervised release whether based on personal recognizance or upon a bail bond of any kind. Upon remand, the lower court must set forth findings as to whether the release would constitute a danger to the public. If support for such a finding is found to exist, con-

ditions more appropriate for community protection should be imposed. If support for such a finding does not exist, the court should then direct its attention to the consideration of conditions suitable for assuring that the defendant will present himself for his forthcoming trial.

*Appeal remanded for further hearing and disposition consistent with the views expressed in this opinion.*