## State of Vermont v. Patrick McInnis

[328 A.2d 400]

No. 221-74

Present: **Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.**

Opinion Filed November 15, 1974

*Michael J. Sheehan*, State's Attorney, for the State.

*Peter F. Welch, Esq.*, of *Black & Plante*, White River Junction, for Defendant.

**Per Curiam.** The Legislature has strictly defined the role of the courts in setting bail. 13 V.S.A. § 7554 provides in part as follows:

> (a) Any person charged with an offense other than an offense punishable by death, shall at his appearance before a judicial officer be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the officer determines in the exercise of his discretion that such a release will not reasonably assure the appearance of the person as required, or that the release of the person will constitute a danger to the public. When such a determination is made the judicial officer shall, either in lieu of or in addition to the above methods of release, impose the first of the

following conditions of release which will reasonably assure the appearance of the person for trial or, if no single condition gives that assurance, any combination of the following conditions:

(1) place the person in the custody of a designated person or organization agreeing to supervise him;

(2) place restrictions on the travel, association or place of abode of the person during the period of release;

(3) require the execution of an appearance bond in a specified amount and the deposit in the registry of the court, in cash or other security as directed, of a sum not to exceed 10 per centum of the amount of the bond such deposit to be returned upon the performance of the conditions of release;

(4) require the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; or

(5) impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.

(b) In determining which conditions of release will reasonably assure appearance and will not constitute a danger to the public, the judicial officer shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

It should be noted that in cases other than those punishable by death, the Legislature has required that the accused be released, unless there are facts established sufficient to support a finding that release will not reasonably assure the appearance of the person as required, or that the release of the person will constitute a danger to the public, or both. None of the various conditions set out in 13 V.S.A. § 7554(a)

(1)–(5) can be legally imposed unless one or more of those findings relating to likelihood of appearance or danger to the public is or are justified under the facts in the case. In this case, the respondent is being confined without bail. Since the deprivation of liberty before trial is a drastic device, and one obviously sought to be avoided by the Legislature, this Court has and does require strong factual foundation for such findings, particularly those relating to danger to the public. *State* v. *Roessell*, 132 Vt. 634, 328 A.2d 118 (1974); *State* v. *Webb*, 132 Vt. 418, 320 A.2d 626, 629 (1974).

The facts in this case do not meet that standard. The ingredient of violence in the crime charged is not a sufficient basis unless it demonstrably carries over to endanger the public pending trial, or threaten the legal process itself. *State* v. *Woodmansee*, 132 Vt. 558, 326 A.2d 172 (1974). It is not the commission of the particular crime, but the threat of further danger to the community that the statute is directed toward. The lower court must readjudicate the matter. 13 V.S.A. § 7556(b).

*The order of District Court, Unit No. 6, Windsor Circuit, in the above-captioned case, dated November 8, 1974, is reversed and the cause is remanded for further hearing and compliance with the provisions of 13 V.S.A. § 7554 and with the opinion of this Court in this case.*