## State of Vermont v. Robert E. Lapham

[340 A.2d 81]

No. 138-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ., and Keyser, Ret. J., Specially Assigned

Opinion Filed June 10, 1975

*John S. Liccardi, Esq.,* State's Attorney, Rutland, for the State.

*Parisi & Broderick,* Castleton and *J. Fred Carbine, Jr., Esq.,* Rutland, for Defendant.

**Per Curiam.** The crime charged is murder and the issue is the denial of bail. Since it is not a charge involving the death sentence (*see* 13 V.S.A. § 7554), it is not a capital crime, and there is a right to have the entitlement to bail judicially determined.

The matter was heard in district court and bail on any terms denied. The cause was then passed to this Court. The order below contains no findings of fact, but is supported only by conclusions. This requires a remand. *State* v. *Roessell,* 132 Vt. 634, 635, 328 A.2d 118 (1974).

Some facts are contained in the material before us: the affidavits of probable cause of the police officers; the psychiatric evaluation; and the transcript of the hearing on bail. These reveal that, apparently, the defendant shot his wife in their home, then attempted to take his own life. He admitted the

police when they arrived and made no resistance. He then collapsed and was taken to the hospital in serious condition from his attempt to commit suicide by taking about one hundred tablets of Valium and Darvon.

He is a man of about 48 years, who has lived in the State since 1961. He recently operated an oil business in Fair Haven until he sold it in 1971. Since then he has worked full time as a life insurance salesman. He has a home in Mendon, Vermont, with a claimed equity of at least thirty thousand dollars.

He has three grown sons, two in the Rutland-Fair Haven area, and one in Indiana. He has been in the Vermont State Hospital at Waterbury since sometime in April, and his psychiatric evaluation has been completed. He seems to have been quiet and cooperative while at the hospital.

It should be pointed out that this recitation does not come from any facts found below, but is information gleaned from the documents and record submitted to this Court in connection with this appeal. That being so, much of it does not truly have the standing of found facts, and has not been tested in a fact finding forum. We resort to it only to get some flavor of the circumstances surrounding this case, so that we do not have to consider it without any knowledge of the apparent circumstances. It does appear that here, as in the *Roessell* case, *supra,* the ingredients are present from which written findings could and should have been made.

The defendant, in argument, represented that, for purposes of psychiatric examination, his doctor wishes to meet with him outside of an atmosphere of custodial restraint because he feels it would bias the results. The lower court may feel it possible to accommodate, to some measure, this request, if it can simultaneously satisfy the requirements governing the bail conditions appropriate to this case. This would probably not extend to out-of-state travel. It does seem that some suitable in-state facilities must be available.

The standards for determining the existence of a danger to the public in the event of pre-trial release, and its relationship to the imposition of conditions of release, singly or in combination, under 13 V.S.A. § 7554, have been recently defined. *State* v. *Webb,* 132 Vt. 418, 420–22, 320 A.2d 626 (1974); *State* v. *Gregory,* 132 Vt. 550, 552–53, 325 A.2d 359 (1974); *State* v. *Roessell, supra,* 132 Vt. at 635. Although the crime charged

here is murder, as we have already seen, it is within the protection of the bail statute, and, standing alone, does not necessarily require pre-trial restraint. There is the suggested added concern that the defendant may attempt to harm himself, which may suggest some sort of constant custodial or family supervision, but none of these things have been developed in the form of the required findings of fact indicating the required review of the possible statutory conditions of release has been had. This must be done. *State* v. *Webb, supra,* 132 Vt. at 422.

*Cause remanded for further hearing and findings of fact in support of the imposition or denial of release on conditions authorized under 13 V.S.A. § 7554. This entry and mandate shall issue forthwith.*