## State of Vermont v. Gary Pray
## and
## State of Vermont v. Godfrey H. Roessel, Jr.

[346 A.2d 227]

Nos. 229-75 & 260-75

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 7, 1975

*M. Jerome Diamond,* Attorney General, Montpelier.

*Raymond L. Betts, Jr.,* Assistant Attorney General, Montpelier.

*Raymond G. Bolton,* Bennington County State's Attorney, Bennington.

*Greg McNaughton,* Washington County Deputy State's Attorney, Montpelier, for State.

*Robert Edward West,* Defender General, Montpelier.

*Charles S. Martin,* Appellate Defender, Montpelier.

*David S. Putter,* Public Defender, Bennington, for Defendants.

**Billings, J.** These cases, heard jointly on appeal, challenge the constitutional validity of the bail statute, 13 V.S.A. § 7554, as it relates to non-capital cases prior to trial, when used to deny bail on the basis that release of a prisoner would constitute a danger to the public.

Gary Pray was indicted in the Bennington Superior Court for first-degree murder, 13 V.S.A. § 2301, on May 6, 1971. On trial conviction resulted, which was affirmed after mandatory appeal here. *State* v. *Pray*, 130 Vt. 613, 298 A.2d 859 (1972). Later, a post-conviction proceeding brought before this Court resulted in reversal and a remand for new trial. *In re Pray*, 133 Vt. 253, 336 A.2d 174 (1975). On April 7, 1975, a judicial officer refused to admit the defendant to bail and made a finding that his release would constitute a danger to the public. 13 V.S.A. § 7554(a). Pursuant to 13 V.S.A. § 7554(d), the defendant sought a review before the presiding judge of the Addison Superior Court, venue of the case having been transferred there. The motion for review was dismissed and the order was affirmed by this Court on July 8, 1975, with leave granted to the defendant to apply to the proper judicial officer for review. On reapplication, the judicial officer originally ordering the denial of bail on review refused to change the order denying bail and, pursuant to 13 V.S.A. § 7556(b), the defendant now appeals.

On August 19, 1975, Godfrey H. Roessel, Jr. was arraigned on a charge of rape, 13 V.S.A. § 3201, in the District Court of Vermont, Unit No. 5, Washington Circuit. On a plea of not guilty, bail was fixed at ten thousand dollars, and the defendant was then committed for evaluation to the Vermont State Hospital. 13 V.S.A. § 4814. As a result of a habeas corpus petition, the Washington Superior Court, on September 8, 1975, ordered that the defendant was entitled to a bail hearing; and on September 16, the Washington District Court Judge refused to admit the defendant to bail, finding that his release would constitute a danger to the public, 13 V.S.A. § 7554(a). The defendant appeals his denial of bail here, invoking 13 V.S.A. § 7556(b).

13 V.S.A. § 7554 was enacted by the Legislature in 1968. Since that time this Court has had occasion to consider various elements of the statute relating to specific factual situations.

*State* v. *Lapham,* 133 Vt. 431, 340 A.2d 81 (1975); *State* v. *Churchill,* 133 Vt. 338, 341 A.2d 22 (1975); *State* v. *McGinnis,* 133 Vt. 20, 328 A.2d 400 (1974); *State* v. *Roessell,* 132 Vt. 634, 328 A.2d 118 (1974); *State* v. *Gregory,* 132 Vt. 550, 325 A.2d 359 (1974); *State* v. *Webb,* 132 Vt. 418, 320 A.2d 626 (1974). However, the issue of the constitutionality of pretrial preventive detention raised by the present appeals is one of first impression.

Chapter II, section 40 of the Vermont Constitution mandates that:

> All prisoners, unless in execution or committed for capital offenses, when the proof is evident or presumption great, shall be bailable by sufficient sureties; nor shall excessive bail be exacted for bailable offenses.

In the cases at bar, neither defendant is in execution, since they both await trial, and neither defendant is charged with a capital offense. *State* v. *Lapham, supra,* 133 Vt. at 431. A capital offense is one in which the death penalty may be inflicted, and Vermont has abolished the death penalty except in certain cases not here applicable. 13 V.S.A. § 2303. See also *Commonwealth* v. *Truesdale,* 449 Penn. 325, 296 A.2d 829 (1972); *State* v. *Johnson,* 61 N.J. 351, 294 A.2d 245 (1972).

█ 13 V.S.A. § 7554 provides for a release in non-capital cases prior to trial on personal recognizance or on execution of an unsecured appearance bond, unless the appropriate judicial officer determines in the exercise of his discretion that such a release will not reasonably assure the appearance of the person as required or that the release of the person will constitute a danger to the public. When the judicial officer determines that a release will not reasonably assure the appearance of the person at trial or that the release will constitute a danger to the public, statutorily enumerated conditions of release, singly or in combination, must be imposed to reasonably assure appearance. Section 7554(a) compels the judicial officer to impose conditions to assure defendant's appearance, but is silent on whether or not conditions may be imposed, must be imposed, or bail denied altogether, in order to protect the public from a defendant's found threat to the community. The prefatory language of § 7554(b) does suggest that there is also

a positive duty on the part of the judicial officer to impose conditions of release which will alleviate the danger to the public and, read in any reasonable manner in conjunction with § 7554(a), would not allow the judicial officer to deny bail with conditions in the instance of a finding of danger to the public.

A legislative enactment is entitled to the presumption of constitutionality unless such an interpretation is plainly foreclosed by the language itself, *State* v. *Webb, supra; In re Delinquency Proceeding,* 129 Vt. 185, 188–89, 274 A.2d 506 (1970). And, in order to render a statute unconstitutional, the one challenging bears the burden of showing its invalidity. *State* v. *Webb, supra; State* v. *Auclair,* 110 Vt. 147, 156, 2 A.2d 107 (1939). A prisoner in this State, unless in execution or for a capital offense, when the proof is evident or presumption great, is bailable as a matter of right, and the Legislature cannot infringe upon this right by creating a restriction to detain prisoners dangerous to themselves or the public. *State* v. *Toomey,* 126 Vt. 123, 124, 223 A.2d 473 (1966); *In re Dexter,* 93 Vt. 304, 314, 107 A. 134 (1919). Thus, a reading of § 7554 that would allow denial of bail upon a finding of danger to the public is unconstitutional. We do not construe the statute in such an unconstitutional manner. *In re Delinquency Proceeding, supra.* If one desires to detain such persons, authorization must be found elsewhere in the statutes. There is nothing in Vermont Constitution, chapter II, section 40, that provides for denial of bail because of a defendant's dangerous propensities. This result is not only mandated by our own constitutional provisions, but is also in line with other jurisdictions which have interpreted similar constitutional provisions and legislative enactments. *Martin* v. *State,* 517 P.2d 1389 (Alas. 1974); *In re Underwood,* 9 Cal.3d 345, 508 P.2d 721 (1973); *State* v. *Johnson, supra; Commonwealth* v. *Truesdale, supra; Palmer* v. *District Court,* 156 Colo. 284, 398 P.2d 435 (1965); *State* v. *Pett,* 253 Minn. 429, 92 N.W.2d 205 (1958); *Ex parte Ball,* 106 Kan. 536, 188 P. 424 (1920).

The purpose of bail, as presently constitutionally mandated, is to assure the defendant's attendance in court, and cannot be a means of punishing the defendant, nor of

protecting the public. In determining the amount of bail, trial judges have wide latitude in imposing conditions, and among factors to be taken into account in determining the conditions and/or the amount of bail are the nature of the offense, penalty for the offense charged, character and reputation of the accused, weight of the evidence against the accused, the accused's family ties, employment, financial resources, mental condition, length of residence in the area, record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution. 13 V.S.A. § 7554(b); *State* v. *Toomey, supra,* 126 Vt. at 125. However, both the eighth amendment of the United States Constitution and chapter II, section 40 of the Vermont Constitution provide that excessive bail shall not be exacted and it must be reasonable and adequate, having in mind the constitutional right of bail and the presumption of innocence.

We hold that, under the Vermont Constitution, bail may not be entirely denied a defendant on grounds that his release would constitute a danger to the public. To the extent that *State* v. *McGinnis, supra,* 133 Vt. at 21, intimates that a defendant may be denied release on bail after a finding of danger to the public, it is hereby overruled. If the constitutional guarantees of bail applicable to the cases at bar are in error, then it is up to the people to effect change, since the right to amend the constitution rests solely with the electorate. Vermont Constitution, chapter II, section 72; *Buttolph* v. *Osburn,* 119 Vt. 116, 122, 119 A.2d 686 (1955).

*Reversed in each case and remanded to the appropriate judicial officer in each case for hearing relative to the admission to bail.*