**ENTRY ORDER**

2022 VT 65

SUPREME COURT DOCKET NO. 22-AP-337

DECEMBER TERM, 2022

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| | } | |
| Richard Welch, Jr. | } | DOCKET NO. 22-CR-09149 |
| | } | |
| | | Trial Judge: Cortland Corsones |

In the above-entitled cause, the Clerk will enter:

¶ 1.     Defendant Richard Welch, Jr. is charged with one count of violating 13 V.S.A. § 3253(a)(8), aggravated sexual assault, victim under thirteen years, for which the penalty is imprisonment of not less than ten years with a maximum term of life.  The criminal division concluded that the evidence against defendant is great and exercised its discretion to hold him without bail pending trial.  Defendant appealed to this Court after the criminal division subsequently denied his motion to review bail.  We affirm.

¶ 2.     The purported victim M.B. is twelve years old.  Defendant is M.B.'s stepfather.  Prior to his arrest, defendant lived with M.B., her siblings, and her mother to whom defendant is married.  On August 17, 2022, M.B.'s biological father contacted Brandon police after he saw a photograph of M.B., which suggested to him that she was pregnant.  Brandon police officers performed a welfare check and confirmed that M.B. was visibly pregnant.  Defendant and M.B.'s mother denied knowing M.B. was pregnant.  Later that day, a doctor confirmed that M.B. was full term in her pregnancy.

¶ 3.     The next day, August 18, authorities conducted a forensic interview with M.B.  She denied knowing who the father of her child was and denied having sexual intercourse with anyone.  M.B. could not explain her pregnancy.  Four days later, she was re-interviewed and reported that the only person who could be the father was defendant.  M.B. told investigators that she sleepwalks and sometimes ends up in defendant's bed, but only when her mother is away.

¶ 4.     M.B. gave birth to H.B. on August 31, 2022.  M.B.'s biological father and defendant provided DNA samples to help determine parentage.  M.B. and her child also provided DNA samples.  The DNA testing eliminated M.B.'s biological father as a candidate.  In an affidavit, a forensic chemist from the Vermont Forensic Laboratory provided the following information: "[s]tatistical analysis of the parentage relationship of M.B. (item A1/mother), H.B. (item A2/child), and [defendant] (item A4) indicated it was 72 trillion times more likely if

[defendant] is the biological father of H.B. than a random, untested, unrelated man in the population."

¶ 5. At arraignment, the State moved to hold defendant without bail under 13 V.S.A. § 7553 and introduced two exhibits in support of its motion: the affidavit by the forensic chemist detailing the results of the DNA test he conducted, and that of the detective with the Rutland County Sheriff's Office assigned to the case. The court granted the motion and scheduled a weight-of-the-evidence hearing. Following that hearing, during which defendant stipulated that the evidence of guilt against him is great, the court ordered him held without bail pending trial and imposed conditions of release. The court weighed the statutory factors to determine conditions of release under 13 V.S.A. § 7554(b), and concluded that continued incarceration was appropriate to prevent flight from prosecution and to protect the public, particularly M.B. The court's conclusion was based primarily on two § 7554(b) factors: (1) the nature and circumstances of the offense charged, and (3) the weight of the evidence against the accused. It found that (1) weighed against defendant because he "is facing one of the State's most serious charges," and "the nature and circumstances of the offense are extremely concerning" because "defendant took advantage of [a] position of trust with a then 11-year-old, and sexually assaulted her." It found that (3) did not favor defendant because the weight of the evidence is great under the Vermont Rule of Criminal Procedure 12(d) standard, and "the State has demonstrated through the DNA evidence that it has strong forensic evidence in support of its case." The court also found that § 7554(b) factor (6), relating to the character and mental condition of the accused, weighed against defendant because "the current charge represents a recent history of violence against a minor." The court imposed a condition of release prohibiting defendant from contacting M.B. or M.B.'s mother, among others.

¶ 6. Defendant then filed motions to strike this condition and review bail in light of a new proposed residence and responsible-adult candidates—mother's parents and his in-laws. After a two-day hearing on the motions, in which the State submitted evidence detailing defendant's repeated violations of the condition prohibiting contact with mother, the criminal division issued simultaneous orders denying both. With respect to the motion to strike the condition of release, the court found that defendant had repeatedly violated the condition by surreptitiously placing calls to M.B.'s mother from jail seeking "to affect M.B.'s participation in the case and to intimidate her." Regarding the motion to review bail, the court made additional findings about the proposed residence and responsible-adult candidates and concluded that the new information did not overcome the presumption against release. It noted that the proposed responsible adults could not effectively supervise defendant, particularly at night, and that defendant's unauthorized contact with M.B.'s mother, when considering the "nature and seriousness of the charge, and the strength of the State's case," favored his continued incarceration.

¶ 7. On appeal defendant contends that the criminal division abused its discretion by ordering him held without bail because more § 7554(b) factors favored his release than did not, and the court's analysis of (1), (3), and (6) was not supported by the record. Specifically, he contends that it was inappropriate for the court to attribute any weight or credibility to the DNA test, and the court's inferences that defendant "took advantage of a position of trust" and that the charge "represents . . . violence against a minor" are error because there is no evidence in the record that defendant and M.B. ever had sex. He argues that these are questions best left to a jury to decide, and that assigning any strength to the DNA test or making inferences that defendant sexually assaulted M.B. at this stage are abuses of discretion.

2

¶ 8.     The maximum sentence for aggravated sexual assault, victim under thirteen, 13 V.S.A. § 3253(a)(8), is life imprisonment, "and therefore defendant is not entitled to bail as a matter of right if the evidence guilt is great." State v. Avgoustov, 2006 VT 90, ¶ 2, 180 Vt. 595, 907 A.2d 1185 (mem.) (citing 13 V.S.A. § 7553). "A presumption arises in favor of incarceration if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt." Id. A trial court nonetheless retains "discretion to, instead, impose conditions of release on a defendant and permit bail." State v. Henault, 2017 VT 19, ¶ 3, 204 Vt. 628, 167 A.3d 892 (mem.). "In the exercise of its discretion, a trial court may look to the factors listed in 13 V.S.A. § 7554(b) to decide whether a defendant should be granted bail regardless of the presumption of incarceration." Id. ¶ 4. Furthermore, "[t]he trial court's discretion in determining whether to hold a defendant without bail is extremely broad." State v. Hugerth, 2018 VT 89, ¶ 5, 208 Vt. 657, 194 A.3d 1189 (mem.).

¶ 9.     Defendant first argues that more § 7554(b) factors favored his release than did not and therefore the court abused its discretion by refusing to permit bail. However, "we reiterate that while the trial court may look at the § 7554(b) factors when deciding whether to grant a defendant bail, § 7554(b) is not specifically applicable to a trial court's consideration of whether bail should be authorized when a defendant is presumed not to be bailable." Henault, 2017 VT 19, ¶ 8. Thus, under § 7553, a court need not consider each factor, it must instead demonstrate that its "discretion was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable." State v. Toomey, 126 Vt. 123, 125, 223 A.2d 473, 475 (1966). Here, however, the trial court expressly referenced each § 7554(b) factor, noting where the evidence was neutral or favored release, in addition to the factors favoring incarceration. The court concluded that the factors relating to the weight of the evidence and the seriousness of the charge could not overcome defendant's burden to demonstrate his bailability. Our case law does not require more, and the court did not abuse its discretion on this issue.

¶ 10.     Defendant next contends that by calling the DNA test results "strong forensic evidence in support of [the State's] case" with respect to factor (3), the trial court abused its discretion because it cannot accord any weight to the results before their evidentiary value is tested at trial. This argument is without merit. First, "the court's analysis of the § 7554(b) factor relating to the 'weight of the evidence against the accused' is contained within its § 7553 finding that the evidence of guilt is great." State v. Auclair, 2020 VT 26, ¶ 16, 211 Vt. 651, 229 A.3d 1019 (mem.). Defendant stipulated that the evidence of guilt is great at the weight-of-the-evidence hearing, and the court made findings based on the State's two exhibits supporting this threshold determination. Accordingly, aside from any comment concerning the strength of the evidence, the court's finding that the evidence of guilt is great is already established for purposes of this § 7554(b) factor.

¶ 11.     Furthermore, to the extent defendant suggests that the court's findings and conclusions go beyond what is contained in the record, he is mistaken. Affidavits are admissible evidence at bail hearings under Criminal Rule 12(d), and the court admitted, on the parties' stipulation, the forensic-chemist's affidavit at the hearing on October 12, 2022. State v. Orost, 2017 VT 110, ¶ 8, 206 Vt. 657, 179 A.3d 763 (mem.) (explaining that this Court's precedent has long provided that affidavits are admissible evidence in bail hearings); see also V.R.Cr.P. 12(d) (providing that State may produce "affidavits" to establish that it has substantial, admissible evidence as to the offense charged). Accordingly, we find no abuse of discretion where the trial

court concluded, based on the chemist's affidavit, that DNA test results describing defendant as 72 trillion times more likely to be H.B.'s father than an untested member of the general public to be fairly and reasonably capable of convincing a factfinder beyond a reasonable doubt that defendant committed the crime with which he is charged.

¶ 12.     We agree with defendant's contention that "where the trial court decides to engage in the "13 [V.S.A. §] 7554 analysis . . . the trial court [must] conduct its analysis in a manner consistent with facts and not engage in speculation."  This is consistent with our precedent that, at the weight-of-the-evidence stage under § 7553, it is well within the court's "extremely broad" discretion to deny defendant bail based on its review of substantial, admissible evidence of guilt taken in the light most favorable to the State.  See Hugerth, 2018 VT 89, ¶ 5.  Our case law requires us to review the trial court's decision to ensure it did not exercise its discretion "on grounds or for reasons clearly untenable, or to an extent clearly unreasonable."  Toomey, 126 Vt. at 125, 223 A.2d at 475; see Auclair, 2020 VT 26, ¶ 21 ("Although it may be best practice to do so, under § 7553 the presumption is against release and there is no requirement that a court consider all of the factors listed in § 7554 when exercising its discretion." (quotation omitted)).

¶ 13.     We detect no abuse of discretion where the court made certain inferences in factors (1) and (6) concerning sexual contact between defendant and M.B.  The court arrived at its conclusions based on factual findings supported by the two affidavits submitted by the State.  Notably, defendant does not attack the affidavits' admissibility or suggest the trial court otherwise erred by admitting them.  See Orost, 2017 VT 110, ¶ 8.  Moreover, defendant stipulated, and the court found, that the evidence of guilt is great.  See Auclair, 2020 VT 26, ¶ 16 (explaining that when evidence of guilt is great under § 7553, that finding is contained in § 7554(b) weight-of-evidence-against-accused factor).  Based on the record before us, the court's findings support its conclusion that defendant had sexual contact with M.B. and we affirm its decision to hold defendant without bail pending trial.

Affirmed.

BY THE COURT:

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice

4