ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-304

SEPTEMBER TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Rutland Unit, |
| | } | Criminal Division |
| Cyrus M. Gould | } | |
| | } | DOCKET NOS. 954-8-16 Rdcr |
| | } | 632-5-15 Rdcr |
| | } | |
| | } | Trial Judge: William D. Cohen |

In the above-entitled cause, the Clerk will enter:

Defendant was convicted of misdemeanor domestic assault, 13 V.S.A. § 1042, on January 13, 2016, and sentenced to serve six to nine months, all suspended, as well as placed on probation under standard and special conditions. On August 24, 2016, a violation of probation (VOP) information and affidavit was filed based on allegations defendant had assaulted his current girlfriend—and victim from the initial domestic assault—in violation of Condition N ("Violent or threatening behavior is not allowed at any time") and Condition 33 ("You shall not harass, or cause to be harassed the victim, victim's family or any other witness. You shall not contact the victim or family nor enter the victim's home, school, or business without the victim's prior written consent filed with your probation officer and then only by the terms of such consent."). In connection with this incident, defendant was charged with felony aggravated domestic assault in the second degree (prior conviction)[1] under 13 V.S.A. § 1044(a)(2)(B) and felony domestic aggravated assault in the first degree under 13 V.S.A. § 1043(a)(1).

At a joint arraignment and hearing on August 25, 2016, the State requested a hold without bail on the violation of probation, citing the following reasons: defendant was on probation for a listed offense, the VOP was based on chronic conduct that constituted a new crime, and the crime was violent. As to the criminal matter, the State requested a $40,000 surety, as well as conditions of release 1, 2, no-contact with the victim, a no abuse or harass condition, and conditions 15 and 31 as applied to the victim. Defendant acknowledged that he was not entitled to bail as a matter of right with the VOP. He asked the court to release him on strict conditions of release, citing the following reasons: his full-time employment, the possibility of residing with his mother and children, and his consistent appearances before the court, in treatment, and with his probation

---

[1] Defendant had initially been charged with aggravated domestic assault in the first degree because the court had believed his previous conviction was for a felony. This was amended at the August 25, 2016 hearing.

officer. Defendant noted that in lieu of bail, public safety could be assured through a no-contact order with the victim, where none had been place before, as well as a curfew. Defendant also asked for a one-time exception to Condition 31 to allow defendant to get some of his belongings.

Defendant's probation officer addressed the court.[2] The officer noted that although defendant does participate in treatment, "it doesn't seem that he's actually utilizing the skills" the DV Solutions program seeks to impart "because he has reoffended." The officer stated that probation "has a concern that violence will continue to happen"; they indicated they met on August 23, where defendant discussed his high stress levels and risk of re-offense, only for him to reoffend the following night. The officer noted that the program is only six months; defendant stated he had about five classes left.

After hearing arguments, the court declined the State's request to hold defendant without bail on the VOP and imposed condition 1, 2 (that defendant be released into his mother's custody), condition 6 (that he live in Rutland County), condition 11 (curfew from 8 pm to 6 am) and conditions 14, 15, and 31 for the victim. The court also stated that "[b]ased on the accumulation of charges and the circumstances involved with this charge as well as the recent charge, that to itself is a sufficient basis to determine I will impose cash or surety in the amount of $50,000, that's for both dockets concurrent." Defendant has appealed the imposition of conditions of release to this Court.

Our review of conditions of release is limited by statute. 13 V.S.A. § 7556(b). We affirm the trial court's order "if it is supported by the proceedings below." Id. Under the governing statute, "where there is sufficient evidence to demonstrate a substantial risk that a defendant will not show up for [scheduled court appearances], conditions, monetary or otherwise, to insure his return are indicated." State v. Roessell, 132 Vt. 634, 636 (1974).

Here, the sparseness of the record provides little support for the imposition of a $50,000 bail, which represented an upward departure from the amount requested by the State. The court did not specifically find that defendant presented a flight risk, nor would the sparse record have supported such a finding. There was no evidence of defendant's ability to raise bail in the amount requested and the impact of a forfeiture of bail on him. In fact, even though the State requested cash bail in the amount of $40,000, it provided no support for that amount. Instead, the court ostensibly determined, based on the attorneys' arguments, the statements of a probation officer, and the affidavits of probable cause, that the accumulation and nature of the charges was sufficient to justify the high amount of bail. See State v. Duff, 151 Vt. 433, 436 (1989) ("The sole support for the high cash bail requirement in this case is that defendant is charged with a very serious crime and faces a long period of incarceration. The record contains no evidence on risk of flight beyond the charge. If that alone were sufficient to set a high cash bail amount, the constitutional right to bail would be a nullity for all defendants charged with serious crimes.").

It is acknowledged, given his VOP charge, that defendant has no constitutional right to bail. The nature of the charges in this case allow for some restrictions for safety particularly of the alleged victim, and the court imposed some restrictions for that purpose. However, we cannot

_____

[2] The officer was not called by either party; he or she asked the court for permission to speak.

affirm unsupported high cash bail if it is used primarily for that purpose. In order to create an adequate record to justify whatever decision the court reaches, I remand for a new evidentiary hearing to determine whether defendant should be held without conditions of release or to determine what conditions of release should be imposed. Although the defendant may offer alternatives as it did in this case, the State has the burden of proof.

Reversed and remanded.

FOR THE COURT:

_____

John A. Dooley, Associate Justice