# ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-423

JANUARY TERM, 2017

State of Vermont }    APPEALED FROM:
}
}
v.    }    Superior Court, Chittenden Unit,
}    Criminal Division
Matthew L. Fidler    }
}    DOCKET NO. 4550-12-15 Cncr
}
Trial Judge:  Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Defendant Matthew Fidler appeals the trial court's November 23, 2016 order modifying defendant's conditions of release.  The order changed two aspects of defendant's conditions: first, it reduced defendant's bail from $75,000 to $25,000, cash or surety bond; second, it added Condition Four, which prohibits defendant from being released into the custody of some person or organization that has not been approved in advance by the court.  Although the reduction in bail is supported by the record below, the matter is remanded for the trial court to address inconsistencies resulting from the newly imposed condition.

On December 8, 2015, defendant was arrested and arraigned on a series of charges stemming from an incident earlier that night.  The charges included kidnapping for a ransom, 13 V.S.A. § 2405(a)(1)(A), reckless endangerment, 13 V.S.A. § 1025, and assault and robbery, 13 V.S.A. § 608(a).  Because of the kidnapping charge, the State originally sought to hold defendant without bail, arguing pursuant to 13 V.S.A. § 7553 that defendant had been charged with an offense punishable by life imprisonment and that the evidence of guilt was great.

In a December 30, 2015 order, the court determined that defendant had no right to bail under 13 V.S.A. § 7553.  For the purposes of the order, the court found that defendant and a codefendant lured the alleged victim into a car with the promise of sex for money.  Once in the car, defendant held a knife on the victim and kept the victim in the car until the two defendants located an automated teller machine (ATM).  At the ATM, defendant forced the victim to withdraw money at knifepoint.  The whole encounter lasted approximately one and a half hours.

Based on these preliminary findings, the court concluded that substantial, admissible evidence existed that fairly and reasonably established defendant's guilt beyond a reasonable doubt; thus, defendant had no right to bail.  However, the court exercised its discretion and imposed bail and conditions of release under 13 V.S.A. § 7554.  It determined that a sufficient cash bail and conditions would ensure defendant's appearance at court and the public's safety.  In determining an appropriate bail, the court noted that defendant had only resided in Vermont for six months,

that the circumstances of the charged offense were particularly serious, and that defendant had been charged with a number of offenses in California, the most recent of which occurred in May 2014.  The court imposed bail in the amount of $75,000 and imposed a number of conditions.  Defendant could not make bail and was placed in pretrial detention.

Subsequently, on October 28, 2016, defendant filed a bail-review motion to modify the amount of bail imposed and his conditions of release.  At the November 14 hearing on the bail-review motion, defendant presented no additional evidence; instead, defendant claimed that "particularized findings" were required to continue holding defendant on such a "high amount" of bail.  In addition, defendant argued that a residential treatment center was a less restrictive, nonmonetary option.

In its November 23, 2016 order, the trial court reduced defendant's bail to $25,000 and added an additional condition requiring that defendant could only be released to a person or organization approved in advance by the court.  In its analysis, the court reiterated that defendant had no right to bail and noted that defendant presented no evidence to counter the earlier court's "conclusion that defendant presents a risk of flight because of the seriousness of the charges, the sentencing exposure he faces if convicted, and his relative lack of ties to Vermont."  Despite this, the court determined that the length of pretrial incarceration warranted a reduction in bail in light of the statutory requirement that it be the "least restrictive" combination of bail and conditions available to the court. The court then reduced defendant's bail to $25,000 and imposed the additional condition that defendant could only be released to a person or organization, approved in advance by the court, who accepted ongoing twenty-four responsibility for defendant.  The court equated this condition with the pretrial detention administered by the Department of Corrections (DOC), as defined in 13 V.S.A. § 7554b, and noted that such pretrial release "is a preferable alternative in almost all instances such as this."  Defendant could not make this reduced bail and he remains in pretrial custody.

He now appeals to this Court, principally arguing that the $25,000 bail is excessive because the severity of defendant's charges acted as the sole basis for imposing the bail amount and the court did not make articulated findings for imposing bail.  In addition, defendant claims that the imposition of bail without considering either defendant's ability to pay or a less restrictive means of ensuring his appearance violated due process.

As described above, although both trial courts concluded that defendant had no right to bail, they elected to impose bail and conditions of release.  A trial court "has the discretion to allow bail even where . . . defendant is not entitled to it."  State v. Pellerin, 2010 VT 26, ¶ 13, 187 Vt. 482 (quotation omitted).  This Court's review in such a case is narrow: as long as "defendant is provided an opportunity to be heard[,] . . . our review of this issue is strictly limited to whether there was an abuse of discretion."  Id.  This Court shall affirm the trial court's decisions regarding conditions of release "if [the order] is supported by the proceedings below."  13 V.S.A. § 7556(c).

"The purpose of bail, as presently constitutionally mandated, is to assure the defendant's attendance in court."  State v. Pray, 133 Vt. 537, 541 (1975).  "Where there is sufficient evidence to demonstrate a substantial risk that a defendant will not show up for trial, conditions, monetary or otherwise, to insure his return are indicated."  State v. Roessell, 132 Vt. 634, 636 (1974) (per curiam).  A "defendant need not be capable of meeting bail in order for the amount to be supported

by the record." State v. Duff, 151 Vt. 433, 436 (1989).  When considering the evidence relating to a defendant's risk of nonappearance, 13 V.S.A. § 7554 directs the court to consider "the seriousness of the offense charged and the number of offenses with which the person is charged," id. § 7554(a)(1), as well as the following:

> [T]he nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of residence in the community, record of convictions, and record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

Id. § 7554(b).

It is plain from the trial court's proceedings that the court did not abuse its discretion when it set defendant's bail at $25,000.  The court considered the applicable § 7554 factors and concluded that defendant presented a risk of flight.  For example, the court highlighted the seriousness of the charges, the sentencing exposure defendant faced if convicted, and defendant's relative lack of ties to Vermont.  The court acknowledged that defendant has a brother in Vermont, but noted that this fact was counterbalanced by defendant's brief time in Vermont and his lack of stable employment.  The court also pointed to defendant's previous convictions in California for criminal conduct similar to the current charges he faces.  Finally, the court noted that the prior court's bail analysis remained persuasive, which established that the evidence of guilt was great.

In addition to these factors, the court considered defendant's ability to meet bail, measured by the passage of time.  The court noted that no evidence aside from the passage of time had been presented to demonstrate either defendant's ability to pay or any particular bail amount.  But the court concluded that defendant's inability to meet bail for over a year supported an inference that bail should be reduced.

This analysis is sufficient under § 7554 and this Court's case law.  Nothing in § 7554 suggests that a trial court must make particularized findings regarding a defendant's ability to pay; rather, the various factors must be evaluated as a whole to ensure the least restrictive means of ensuring a defendant's appearance in court.  Similarly, the findings the court made in this case are distinct from the findings in State v. Duff.  In Duff, the "sole support for the high cash bail requirement" was that the defendant was "charged with a very serious crime and face[d] a long period of incarceration." 151 Vt. at 435. Unlike this case, the trial court in Duff did not make any additional findings regarding the defendant's ties to the area, his prior convictions, or his employment. Id.; compare State v. Gould, No. 2016-304, 2016 WL 5110144, *3 (Vt. Sup. Ct. Sept. 2, 2016) (unpub. mem.) (reversing and remanding where court only made findings as to accumulation and seriousness of charges, not risk of nonappearance), with State v. Williams, 2014-211, 2014 WL 5325712, *2 (Vt. Sup. Ct. July 1, 2014) (unpub. mem.) (upholding "somewhat arbitrary" $25,000 bail because court considered relevant factors relating to risk of flight).  The court did not abuse its discretion when it considered defendant's risk of flight based on the factors listed in § 7554, weighed those factors with defendant's inability to meet the $75,000 bail for over a year, and, consequently, reduced defendant's bail.

3

On the other hand, the trial court's imposition of the additional condition indicates concerns that defendant is not being held in the least restrictive pretrial detention. The court stated that the condition was imposed as an equivalent of the pretrial custody described under 13 V.S.A. § 7554b and, thus, the court contemplated defendant's placement in a less restrictive pretrial option than jail. But defendant's counsel represented to this Court that the DOC would not release defendant to a less restrictive pretrial detention, such as a residential treatment program or home detention, if the court imposed any bail.[*] This alleged DOC policy is directly at odds with § 7554b(a), which states that "[a] defendant who is on home detention shall remain in the custody of [DOC]" and, by implication, shall not have to make bail. See State v. Whiteway, 2014 VT 34, 196 Vt. 629 (mem.) ("We can determine, therefore, that the Legislature intended to create a sort of hybrid pretrial program, in which a defendant might be 'released' from the traditional incarceration but confined in a home, 'in the custody of the commissioner' of the DOC."). Thus, the matter is remanded for the trial court to determine in the first instance if the alleged DOC policy regarding bail prevents defendant from being placed in the least restrictive pretrial detention. Without such analysis, the additional condition imposed would appear impossible to achieve. We assume the court imposed the condition believing it could be accomplished.

Affirmed in part; remanded in part.

FOR THE COURT:

Marilyn S. Skoglund, Associate Justice

---

[*] In this case, release to home to detention might be particularly difficult because, according to defendant's counsel, defendant's brother (his only relative in Vermont) has refused to supervise defendant unless he undergoes treatment first.